IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SANDI BARNETT and GREGORY BENJAMIN, On behalf of themselves and all others similarly situated<br><br>PLAINTIFFS<br><br>v.<br><br>CALIBER HOME LOANS<br><br>DEFENDANT | CIVIL ACTION NO. _____ |

## CLASS ACTION COMPLAINT

1. Defendant Caliber Home Loans, Inc. ("Caliber") routinely and systematically breaches uniform covenants in standard deeds of trust and violates the Texas Debt Collection Practices Act ("TDCPA") by assessing fees to borrowers that are either not authorized by or expressly prohibited by their mortgage agreements.

2. Caliber is a residential mortgage lender and one of the largest mortgage servicers of residential mortgages in the country.

3. Any time a borrower makes a mortgage payment to Caliber online or over the phone, Caliber charges the borrower a fee ranging from $3.50–8.00 ("Pay-to-Pay fees").

4. Charging this fee violates provisions of the TDCPA and the express terms of the uniform covenants in standard deeds of trust and mortgage agreements, including the uniform covenants in Plaintiff Sandi Barnett's standard deed of trust.

5. These fees also violate uniform covenants in mortgages guaranteed by the Federal Housing Administration ("FHA").

1

6. As a servicer of FHA-insured loans, Caliber is bound by the rules and regulations of the Secretary of Housing and Urban Development, which are incorporated by reference into all FHA-insured mortgages.

7. Under FHA servicing rules, mortgage lenders and servicers may not charge a borrower any fee not authorized by the FHA. The FHA has not authorized Pay-to-Pay fees.

8. Under FHA servicing rules, mortgage lenders and servicers may not charge a borrower any fee not authorized by the FHA. The FHA has not authorized Pay-to-Pay fees.

9. Plaintiff Gregory Benjamin has an FHA-insured mortgage that is serviced by Caliber.

10. Plaintiffs Barnett and Benjamin have incurred multiple fees ranging from $3.50 to $8.00 per transaction for making their mortgage payments online or over the phone.

11. On behalf of themselves and all similarly situated Texas borrowers, Plaintiffs seek injunctive relief and damages against Caliber for its violations of the TDCPA and breaches of contract.

**PARTIES**

12. Plaintiff Sandi Barnett is a citizen of the State of Texas.

13. Plaintiff Gregory Benjamin is a citizen of the State of Texas.

14. Defendant Caliber Home Loans, Inc., is incorporated in the State of Delaware and maintains its principal place of business in Coppell, Texas.

**JURISDICTION AND VENUE**

15. Because Caliber maintains its principal place of business in the State of Texas, its contacts here are systematic and continuous such that it is subject to general personal jurisdiction in this State.

16. Venue is proper in this District because a substantial part of the events giving rise to the claims in this action occurred in Corpus Christi, Nueces County, Texas.

17. Minimal diversity exists in this action because members of the proposed FHA Pay-to-Pay Class are citizens of States other than Texas. 28 U.S.C. § 1332(d)(2)(A). Furthermore, on information and belief, the amount in controversy, exclusive of costs and interest, exceeds $5,000,000.00.

18. Caliber is one of the largest mortgage lenders in the United States. The Classes in this lawsuit are believed to consist of hundreds of thousands of members.

19. To date, Plaintiff Barnett has incurred no less than $49.00 in improper Pay-to-Pay fees. Plaintiff Benjamin has incurred no less than $64.00 in improper Pay-to-Pay fees. Thus, the amount in controversy in this action, exclusive of costs and interest, exceeds the amount-in-controversy requirement of 28 U.S.C. § 1332(d).

## THE LEGAL FRAMEWORK

**The Texas Debt Collection Practices Act**

20. The Texas Debt Collection Practices Act prohibits a debt collector from "us[ing] unfair or unconscionable means" in the collection of a consumer debt. Tex. Fin. Code § 392.303(a).

21. Caliber is a *debt collector* under the TDCPA because it is "a person who directly or indirectly engages in debt collection . . .." *Id.* at § 392.001(6).

22. Caliber engages in *debt collection*, which the TDCPA defines as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* at § 392.001(5).

23. A *consumer debt* under the TDCPA is "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." *Id.* at § 392.001(2).

24. As "an individual who has a consumer debt," each Plaintiff is a *consumer* under the TDCPA. *Id.* at § 392.001(1).

25. As alleged below, the Pay-to-Pay fees Caliber charged are not authorized by Plaintiff's deed of trust—or, indeed, any standard mortgage or deed of trust.

26. By charging those fees, Caliber employed the unfair and unconscionable practice of "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer[.]" *Id.* at § 392.303(a)(2).

**FHA Servicing Rules**

27. The Federal Housing Administration, an agency within the United States Department of Housing and Urban Development ("HUD"), "provides mortgage insurance on loans made by FHA-approved lenders throughout the United States and its territories."[1] The FHA "is one of the largest insurers of mortgages in the world, insuring more than 46 million mortgages since its inception in 1934."[2]

28. The FHA provides incentives to private lenders to make loans to would-be homebuyers whose creditworthiness and inability to contribute a significant down payment make it difficult for them to obtain a home loan on reasonable terms.

---

[1] HUD.gov – The Federal Housing Administration, https://www.hud.gov/program_offices/housing/fhahistory (last visited on October 2, 2019).
[2] *Id*.

29. Specifically, "FHA mortgage insurance provides lenders with protection against losses if a property owner defaults on their mortgage. The lenders bear less risk because FHA will pay a claim to the lender for the unpaid principal balance of a defaulted mortgage."[3]

30. Caliber is an FHA-approved lender.

31. As an FHA-approved lender, Caliber must annually "acknowledge that the Mortgagee is now, and was at all times throughout the Certification Period, subject to all applicable HUD regulations, Handbooks, Guidebooks, Mortgagee Letters, Title I Letters, policies and requirements, as well as Fair Housing regulations and laws including but not limited to 24 CFR § 5.105, Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act) and Title VI of the Civil Rights Act of 1964."[4]

32. The HUD servicing requirements restrict the fees and charges a servicer of FHA-insured loans may assess to the typically lower-income FHA borrower. HUD Handbook 4000.1: Single-Family Housing Policy, https://www.hud.gov/sites/documents/40001HSGH.PDF (last accessed by counsel on October 2, 2019) (the "HUD Handbook").

33. Specifically, the HUD Handbook defines "Allowable Fees and Charges a[s] those costs associated with the servicing of the Mortgage that are permitted to be charged to the Borrower," and defines "Prohibited Fees and Charges a[s] those costs associated with the servicing of the Mortgage that may not be charged to the Borrower." HUD Handbook § III.A.1.f.i.

---

[3] *Id*.
[4] *See*, FHA Lender Annual Certifications: Supervised and Nonsupervised Mortgagees, Changes Implemented 8/1/2016,
https://www.hud.gov/sites/documents/SFH_COMP_SUPERNONSUPER.PDF (last visited on October 2, 2019).

34. As expressly stated in a previous HUD Handbook chapter, which remains in effect, a "mortgagee may be in violation of HUD regulations should it be collecting a fee (regardless of when the fee is actually collected) for," among other things, "a service which is not specifically authorized" in the HUD Handbook. HUD Handbook to Lenders 4330.1 REV-5, chapter 4-1.B, https://www.hud.gov/sites/documents/43301C4HSGH.PDF, (last accessed by counsel on October 2, 2019).

35. Nowhere in the HUD Handbook are Pay-to-Pay fees listed as a fee that a servicer may charge to a borrower.

36. Moreover, even were a servicer to receive authorization to charge a Pay-to-Pay fee, the charge to the borrower must be "based on actual cost of the work performed or actual out-of-pocket expenses"—in short, the servicer cannot use fees to create a profit center. HUD Handbook § III.A.1.f.ii.(A).

37. On information and belief, the Pay-to-Pay fees Caliber charges to borrowers exceed its actual and out-of-pocket costs.

PLAINTIFFS' ALLEGATIONS

**Plaintiff Sandi Barnett**

38. On or about August 3, 2015, Ms. Barnett executed a note to purchase her home in Corpus Christi, Texas, and secured it with a Deed of Trust, which is attached to this Complaint as Exhibit 1.

39. Since at least February of 2019, Ms. Barnett has made her monthly mortgage payments online.

40. Each time she makes an online payment, Caliber charges her an illegal fee of $3.50 in addition to her monthly mortgage payments.

6

41. Ms. Barnett has paid this fee as recently as September 2019.

42. On information and belief, Caliber contracts with Western Union to process all of its online and automated phone payment transactions ("Pay-to-Pay Transactions").

43. The cost to Caliber under the contract with Western Union depends on the monthly volume of Pay-to-Pay Transactions it processes. Given the volume of Pay-to-Pay Transactions Western Union processes for Caliber, the actual cost that Caliber pays Western Union to process Pay-to-Pay Transactions is likely significantly lower than the $3.50 Pay-to-Pay fee it charges borrowers such as Ms. Barnett.

44. Caliber's demand for payment of Pay-to-Pay fees is a breach of that Ms. Barnett's Deed of Trust, which does not expressly provide for Pay-to-Pay fees as one of the charges that the creditor, or loan servicer acting on behalf of the creditor, may charge. There is simply no provision in the Deed of Trust that allows Caliber to collect Pay-to-Pay fees.

45. Caliber's demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 16 of the Deed of Trust: "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located." Ex. 1, ¶16. Federal debt collection law prohibits the collection of any amount incidental to the principle obligation unless that amount is expressly stated in the loan agreement. *See* 15 U.S.C. § 1692f(1) (making unlawful the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" (emphasis added)). Caliber's collection of Pay-to-Pay fees violated both the FDCPA and Texas Debt Collection Practices Act.

46. To the extent that Caliber claims there is any allowance of fees to be charged under Paragraph 14 of the Deed of Trust, those charges are limited to charges associated with a

borrower's default. Even if the Pay-to-Pay fees were default related fees, which they are not, Caliber's demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 9 of the Deed of Trust, "Protection of Lender's Interest in the Property and Rights Under This Security Instrument," which states that only "amounts ***disbursed*** by Lender under this Section 9 shall become additional debt of Borrower." Ex. 1, ¶9 (emphasis added). Caliber collected more than the amount it disbursed to Western Union to process the Pay-to-pay Transactions.

47. Caliber's demands for payment of Pay-to-Pay fees is a direct breach of Paragraph 14 of its Deed of Trust, stating that lender may not charge fees prohibited by "Applicable Law." The Agreement defines "Applicable Law" in Paragraph J as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Ex. 1, ¶14.

48. By charging the Pay-to-Pay fees, Caliber has violated the "Applicable Law" provision, as defined by its Deed of Trust, and has thus breached its contract.

49. Because the "Governing Law" (¶16), "Protection of Lender's Interest in the Property and Rights Under This Security Instrument" (¶9), and "Applicable Law" (¶14) provisions are contained in the "Uniform Covenants" section of its standard Deed of Trust, Caliber has breached the contracts it services on a class-wide basis.

50. Prior to filing this Complaint, Ms. Barnett made a written pre-suit demand upon Caliber seeking refunds of these illegal fees on behalf of herself and other Texans and demanding Caliber cease charging these illegal fees.

51. Caliber offered to refund the amounts Ms. Barnett had paid as of August 27, 2019, but refused to tender refunds to other Texas borrowers or to cease its illegal practices. Ms. Barnett rejects Caliber's inadequate tender of a cure.

**Plaintiff Gregory Benjamin**

52. Plaintiff executed a standard form FHA mortgage to purchase his home in Texas. Exhibit 2.

53. Section 13 of his form FHA-insured mortgage, entitled "Loan Charges," states, "Lender may collect fees and charges authorized by the Secretary [of Housing and Urban Development]." *Id*. at 7.

54. Section 15 of his form FHA-insured mortgage provides further that "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located."

55. As alleged above, both the TDCPA and FHA servicing rules, which are incorporated by reference into Mr. Benjamin's deed of trust, prohibit charging Pay-to-Pay fees.

56. And even if a servicer had authorization to collect such a fee, FHA rules prohibit mortgage servicers from passing on to borrowers more than the servicer's out-of-pocket costs for providing the service.

57. On information and belief, which can be confirmed through review of Defendant's documents, Caliber pays Western Union only $0.40–0.50 per Pay-to-Pay transaction processed for making a mortgage payment.

58. The $3.50–8.00 Caliber charges its borrowers in Pay-to-Pay fees thus violates the TDCPA and FHA rules.

59. Mr. Benjamin has paid multiple Pay-to-Pay fees, including as recently as September of 2019.

**CLASS ALLEGATIONS**

60. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy, and predominance requirements of Rule 23(a).

61. Plaintiffs seeks certification of the following classes (collectively, the "Classes"):

**The Texas Debt Collection Practices Act Class (the "TDCPA Class"):**

All persons in the United States (1) with a Security Instrument on a property located in the State of Texas, (2) that is or was serviced by Caliber, (3) who were charged a Pay-to-Pay fee, and (4) whose Security Instrument did not expressly allow for the charging of a Pay-to-Pay fee.

**The FHA Pay-to-Pay Class (the "FHA Pay-to-Pay Class"):**

All persons in the United States (1) with an FHA-insured mortgage (2) that is or was originated or serviced by Caliber (3) who were charged one or more Pay-to-Pay fees and (4) whose mortgages contained language the same as or substantially similar to the uniform covenants in the FHA-insured Security Instrument.

62. Plaintiffs reserve the right to modify or amend the proposed class definitions before the Court determines whether certification is appropriate.

63. Excluded from the Classes are Defendant, and Defendant's parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest, all mortgagors who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and members of the staffs of the judges to whom this case should be assigned.

64. The members of the Classes are so numerous that joinder is impractical. While the exact number of members of the Classes cannot be determined without discovery, Plaintiffs believe that the Classes consist of at least thousands of members, the identity of whom, upon information and belief, can be readily determined upon review of records maintained by Defendant.

65. The claims of the representative Plaintiffs are typical of the claims of the Classes in that the representative Plaintiffs were charged fees that violate Texas law, and Plaintiff Benjamin had an FHA-insured mortgage that, like members of the FHA Pay-to-Pay class, prohibits the charging of Pay-to-Pay fees. As such, the factual basis of Caliber's misconduct is common to all members of the Classes.

66. There are numerous questions of law and fact common to the Classes and those common questions predominate over any questions affecting only individual members of the Classes.

67. The predominating common questions of law and fact include:

a. Whether, and in what amount, Caliber may charge a Pay-to-Pay fee to borrowers with FHA-insured Security Instruments;

b. Whether charging such fees violates HUD rules and regulations;

c. Whether charging such fees violates provisions of the Plaintiffs' Security Instruments;

d. Whether charging Pay-to-Pay fees violates the Texas Debt Collection Practices Act;

e. What is the proper method or methods by which to measure damages caused by Caliber's breaches of the standard terms of FHA Security Instruments; and

f. What is the proper method or methods by which to measure damages caused by Caliber's violations of the TDCPA.

68. Plaintiffs' claims are typical of the claims of other members of the Classes, in that they arise out of the same acts by Caliber, namely assessing fees to borrowers that are not

permitted by contract or by Texas law. Plaintiffs have suffered the harms alleged and have no interests antagonistic to the interests of any other member of the Classes.

69. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the members of the Classes.

70. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each Class member's claims are small relative to the complexity of the litigation, and due to the financial resources of Caliber, no member of any Class could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the members of the Classes will continue to suffer losses and Caliber's misconduct will proceed without remedy.

71. Even if members of the Classes could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

72. Alternatively, certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because it is clear that declaratory and injunctive relief is appropriate respecting the Classes as a whole.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Violation of the Texas Debt Collection Practices Act**
**(Plaintiffs Barnett and Benjamin on behalf of the TDCPA Class)**

73. Plaintiffs incorporate paragraphs 1 through 72.

74. Plaintiffs' Deeds of Trust secured the note they took out to purchase their homes in the State of Texas, and each Plaintiff is therefore, under the TDCPA, a "consumer" who took out a "consumer debt."

75. Caliber is a "debt collector" under the TDCPA.

76. In the process of "debt collection," Caliber charged Plaintiffs Pay-to-Pay fees that were incidental to their debt obligations and were not expressly authorized by the agreements creating the obligation.

77. As such, Caliber employed unfair and unconscionable means in the collection of a consumer debt, in violation of the TDCPA.

78. On behalf of the Class, Plaintiffs seek an injunction restraining Caliber from charging Pay-to-Pay fees and actual damages.

**COUNT II: Breach of Contract**
**(Plaintiff Benjamin on Behalf of the FHA Pay-to-Pay Class)**

79. Plaintiffs incorporate paragraphs 1 through 78.

80. Plaintiff Benjamin and members of the FHA Pay-to-Pay Class have FHA-insured deeds of trust that are or were serviced by Caliber.

81. Plaintiff Benjamin has performed all conditions precedent to enforcing the terms of his deed of trust.

82. Caliber improperly charged Pay-to-Pay fees contrary to the express terms of his and Class members' contracts.

83. Moreover, the Pay-to-Pay fees Caliber charged exceeded its out-of-pocket costs.

84. As a proximate cause of that breach, Plaintiff Benjamin and members of the FHA Pay-to-Pay Class have paid fees that should not have been assessed against them and which Caliber was not entitled to collect.

85. On behalf of the FHA Pay-to-Pay Class, Plaintiff Benjamin seeks declaratory, injunctive, and compensatory relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, respectfully request that this Court:

1. Determine that this action may be maintained as a class action under Fed. R. Civ. P. 23, that Plaintiffs are proper class representatives and that their counsel are appointed Class Counsel;

2. Award compensatory damages and restitution in the amount of all Pay-to-Pay fees, and interest on those fees, improperly charged to members of the Classes;

3. Award actual damages in an amount according to proof;

4. Award injunctive relief requiring Defendant to cease collection of all improperly charged fees that have been charged to, but not yet paid by, Plaintiffs and members of the Classes;

5. Award injunctive relief to restrain Defendant's wrongful acts and further violations of Plaintiffs' and the Class members' rights, including but not limited to requiring Defendant to implement procedures to ensure it ceases charging the improper fees identified in this Complaint;

6. Award pre-judgment interest at the maximum rate permitted by applicable law;

7. Enter a declaratory judgment that Defendant, through its wrongful actions, has kept and continues to keep for itself, benefits that are due and owed to Plaintiffs and members of the Classes;

8. Award reasonable attorneys' fees and costs pursuant to applicable law; and

9. Award such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs and members of the Classes hereby request a trial by jury.

Respectfully submitted,

/s/ Randall K. Pulliam
**CARNEY BATES & PULLIAM, PLLC**
Randall K. Pulliam
TX State Bar No. 24048058
rpulliam@cbplaw.com
Attorney-in-Charge For Plaintiffs

Hank Bates
AR Bar No. 98063
hbates@cbplaw.com
E. Lee Lowther III
AR Bar No. 2013142
llowther@cbplaw.com
519 W. 7th St.
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

/s/   Abraham Moss
Abraham Moss
SBN: 14581700
Fed. I.D. No. 364
5350 S. Staples, Suite 209
Corpus Christi, Texas 78411
amoss@amlawyers.com
Telephone: (361) 992-8999
Facsimile: (361) 232-5007